THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CARTER MILLER,<br><br>                Plaintiff,<br><br>v.<br><br>IRON COUNTY SCHOOL DISTRICT,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**<br><br>Case No. 4:21-cv-00044-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Plaintiff Carter Miller ("Miller") filed a complaint alleging claims under 42 U.S.C. § 1983 for violation of his Due Process rights and a claim for breach of contract against Defendant Iron County School District ("ICSD").[1] Miller alleges that he had a protectable property interest and an enforceable career status employment contract with Parowan High School.[2] Miller alleges that ICSD deprived him of his property interest and breached the contract when it refused to renew his contract without following established procedures for career status employees and without providing cause for the nonrenewal.[3] Miller also alleges that ICSD violated his protectable liberty interest in his good name and reputation when an ICSD representative made disparaging comments about him to his colleagues and community members.[4] ICSD seeks dismissal of Miller's Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim on which relief may be granted.[5]

---

[1] Complaint ¶¶ 1 at 1-2, 68-106 at 13-21, docket no. 2, filed Apr. 19, 2021.

[2] *Id.* ¶¶ 68-80 at 13-16, 94-106 at 19-21.

[3] *Id.*

[4] *Id.* ¶¶ 81-93 at 16-18.

[5] Defendant's Motion to Dismiss ("Motion to Dismiss") at 1, docket no. 11, filed July 8, 2021.

Because Miller alleges sufficient facts to state a plausible claim under § 1983 for violation of his property interest and a plausible claim for breach of contract, ICSD's Motion to Dismiss[6] is DENIED in part. However, because Miller fails to allege sufficient facts to state a plausible claim under § 1983 for violation of his liberty interest, ICSD's Motion to Dismiss[7] is GRANTED in part.

**Contents**

DISCUSSION ................................................................................................................................. 2
    Miller alleges sufficient facts to state a plausible claim under § 1983 for violation of his property interest and a plausible claim for breach of contract ................................ 3
    Miller fails to allege sufficient facts to state a plausible claim under § 1983 for violation of his liberty interest ........................................................................................ 7
        Miller has sufficiently alleged a statement impugning his good name, reputation, honor, or integrity; that the statement was false; and that the statement was published .......................................................................................................... 8
        Miller fails to allege sufficient facts that Kemp's statements occurred in the course of his termination and that those statements foreclosed other employment opportunities ....................................................................... 10
ORDER ....................................................................................................................................... 12

## DISCUSSION

ICSD seeks dismissal of Miller's Complaint under FED. R. CIV. P. 12(b)(6).[8] Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[9] Each cause of action must be supported by sufficient, well-pleaded facts to be plausible on its face.[10] In reviewing a complaint under Rule 12(b)(6), all factual allegations are accepted as true and all reasonable inferences are drawn in a

---

[6] Docket no. 11, filed July 8, 2021.

[7] *Id*.

[8] Motion to Dismiss at 1.

[9] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

light most favorable to the plaintiff.[11] However, "assertions devoid of factual allegations" that are nothing more than a "conclusory" or "formulaic recitation" of the law are disregarded.[12]

Miller's Complaint alleges claims under 42 U.S.C. § 1983 for violation of his Due Process rights and a claim for breach of contract.[13] Section 1983 does not create substantive rights.[14] It provides a remedy for the deprivation of rights caused by persons acting under color of state authority.[15] To state a plausible claim under § 1983 against an entity, the plaintiff must allege "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the entity which causes an alleged violation of a constitutional right.[16] And to state a plausible claim for the deprivation of a procedural or substantive Due Process right, a plaintiff must allege facts showing the existence of an interest encompassed by the Fifth and Fourteenth Amendment's protection of property or liberty.[17]

To state a claim for breach of contract, a plaintiff must allege (1) a contract, (2) performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages.[18]

### Miller alleges sufficient facts to state a plausible claim under § 1983 for violation of his property interest and a plausible claim for breach of contract

To allege the existence of a protected property interest, an employee must have a legitimate expectation of continued employment.[19] The existence of a property interest is defined

---

[11] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[13] Complaint ¶¶ 1 at 1-2, 68-106 at 13-21.

[14] *Gallegos v. Denver*, 984 F.2d 358, 362 (10th Cir. 1993).

[15] *Id.*

[16] *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978).

[17] *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-71 (1972).

[18] *Bair v. Axiom Design, L.L.C.*, 20 P.3d 388, 392 (Utah 2014).

[19] *Roth*, 408 U.S. at 577.

by rules or understandings that stem from an independent source such as state law.[20] "State law sources for property interests can include statutes, municipal charters or ordinances, and express or implied contracts."[21] Under Utah law, an express or implied contract that promises continued employment except for "just cause," creates a property interest in continued employment.[22] An implied contract may exist through "a variety of sources, including the conduct of the parties, announced personnel policies, practices of that particular trade or industry, or other circumstances which show the existence of such a promise."[23]

Miller alleges that ICSD's conduct and internal policies created a protectable property interest through his express contract and an implied contract that he was a career employee who could only be fired for cause.[24] Miller further alleges that ICSD violated his property interest and breached the contract when ICSD refused to renew his employment contract without following established procedures for career status employees and without providing cause for the nonrenewal.[25] Specifically, Miller alleges:

- ICSD had internal policies expanding Utah's standards for provisional and career status employment. ICSD practiced a district-specific custom whereby an educator, who had at least three years of experience teaching as a licensed educator in another school district, was considered "provisional" for the educator's first year of teaching at ICSD and afterward obtained "career status" at ICSD.[26]

- ICSD's annual employment contract with licensed educators, which Miller signed each academic year from 2017-2018 through 2019-2020, provides that "the first three years of experience as an employee of [ICSD] shall be considered provisional years, and . . . an employee who has worked in [ICSD]

---

[20] *Driggins v. Oklahoma*, 954 F.2d 1511, 1513 (10th Cir. 1992).

[21] *Kingsford v. Salt Lake City Sch. Dist.*, 247 F.3d 1123, 1128 (10th Cir. 2001).

[22] *Id*. at 1129-30; *Berube v. Fashion Centre, Ltd.*, 771 P.2d 1033, 1044 (Utah 1989).

[23] *Berube*, 771 P.2d at 1044.

[24] Complaint ¶¶ 68-80 at 13-16, 94-106 at 19-21.

[25] *Id*.

[26] *Id*. ¶ 9 at 3; Utah Code Ann. § 53G-11-503(1)(a).

4

>    for three years or less may be terminated without cause and may therefore be dismissed at the end of the first, second or third year of service." However, the contract also provides that ICSD may cancel or not renew an employment contract for employees who are not provisional only "for cause." The contract defines "cause" as including "incompetence, unprofessional conduct, insubordination, ill health or immorality."[27]
>
> - ICSD recognizes a transferring teacher's experience when determining the teacher's salary. Salaries exist on a pay scale, with starting teachers beginning at level 1 and moving up one step for every year of completed service.[28]
>
> - Utah law requires that a school district assign a specially trained mentor to provisional educators. ICSD also had a policy mandating evaluation of provisional teachers.[29]
>
> - Before his resignation in 2011 and rehire in 2017, Miller obtained career status for the 2009–2011 academic years. ICSD "promoted" Miller pursuant to their internal policy granting teachers with past teaching experience career status after completing a one-year grace period and undergoing the routine evaluation and mentoring process. Upon attaining career status, Miller was no longer mentored or evaluated. Miller was paid as a seven-year employee when he first arrived at ICSD in 2008 and moved up the pay scale for every year completed afterward.[30]
>
> - Upon his return to ICSD in 2017, Miller was paid as a nine-year employee; was recognized in ICSD's annual personnel review as a career employee; and was neither monitored, mentored, or evaluated as a provisional employee.[31]
>
> - ICSD's then-Director of Secondary Education, Rich Nielsen, told Miller that he would "get those years back" when asked if ICSD would give Miller credit for his prior three years of teaching at ICSD.[32]
>
> - ICSD's 2017 treatment of Miller continued through the 2018-2019 year and the beginning of 2019-2020 year with Miller receiving pay raises, recognition as a career employee in the annual personnel review, and an award for

---

[27] Complaint ¶¶ 10-13 at 3-4, 96-98 at 19-20.

[28] *Id*. ¶ 17 at 5.

[29] *Id*. ¶ 20 at 5; Utah Code Ann. § 53G-11-509(1).

[30] *Id*. ¶¶ 16 at 5, 18-19 at 5, 21-24 at 5-6.

[31] *Id*. ¶¶ 38-44 at 8-9, 71 at 15.

[32] *Id*. ¶ 39 at 8.

- completing his fifth year of service with ICSD at the end of the 2018-2019 school year.[33]

- In December 2019, Miller was notified for the first time that he was a provisional employee, and was assigned a mentor and evaluator in February 2020, only after this notice.[34]

- ICSD refused to give Miller cause when deciding not to renew his employment contract for the 2020-2021 academic year and did not provide Miller with the pre- and post-termination process for which career employees are entitled. This was done under the guise of ICSD policy based on ICSD's assertion that Miller was a provisional employee.[35]

Based on his allegations about ICSD's conduct and personnel policies and his employment history with ICSD, Miller has sufficiently alleged the existence of a protectable property interest through his express contract and an implied contract of career employment status. Miller has also sufficiently alleged a deprivation of his property interest and breach of the contract through ICSD's refusal to renew his employment contract without following established procedures for career status employees and without providing cause for the nonrenewal.

ICSD argues that Miller cannot have a protectable property interest because he was a provisional employee when he learned that his employment contract would not be renewed.[36] ICSD also argues that Miller's resignation in 2011 eliminates any entitlement for consecutive years of employment.[37] However, these arguments rely on factual issues regarding the existence of a legitimate expectation of continued employment and an implied contract which are not appropriately determined under the Rule 12(b)(6) standard of review.

---

[33] *Id.* ¶¶ 46-51 at 9-10, 71 at 15.

[34] *Id.* ¶¶ 55-56 at 11.

[35] *Id.* ¶¶ 61-67 at 12-13, 73-75 at 15, 102-104 at 20-21.

[36] Motion to Dismiss at 6-8, 10-11, 14-16.

[37] *Id.*

Accepting Miller's factual allegations as true and drawing all reasonable inferences in a light most favorable to Miller, the Complaint sufficiently alleges a plausible claim under § 1983 for violation of Miller's property interest and a plausible claim for breach of contract. Therefore, ICSD's Motion to Dismiss is DENIED as to these claims.

### Miller fails to allege sufficient facts to state a plausible claim under § 1983 for violation of his liberty interest

Public employees have a protectable Due Process liberty interest in their reputations, but only in the context of their employment.[38] At-will status does not deprive an employee's liberty interest from protection.[39] To sufficiently state a deprivation of a liberty interest, a plaintiff must allege facts showing:

(1) a statement that impugns the plaintiff's good name, reputation, honor, or integrity;

(2) the statement is false;

(3) the statement is made during the courts of termination and forecloses other employment opportunities; and

(4) the statement is published, in other words disclosed publicly.[40]

These elements are not disjunctive,; all must be satisfied to demonstrate a deprivation of an employee's liberty interest.[41]

Miller's § 1983 claim for violation of his liberty interest is based on statements and conduct of ICSD School Board member Mary Ann Kemp ("Kemp").[42] Miller alleges that Kemp made statements to two ICSD secretaries, two of Miller's assistant coaches, ICSD Board

---

[38] *Coleman v. Utah State Charter Sch. Bd.*, 673 Fed. App'x 822, 829 (10th Cir. 2016).

[39] *McDonald v. Wise,* 769 F.3d 1202, 1212 (10th Cir. 2014).

[40] *Id*.

[41] *Workman v. Jordan*, 32 F.3d 475, 481 (10th Cir. 1994).

[42] Complaint ¶¶ 53-55 at 10-11, 59 at 11-12, 81-93 at 16-18.

members, and other community members that Miller, as person with a substance abuse disorder, was a master manipulator and had manipulated them into supporting him.[43] Miller further alleges that shortly after Kemp's statements, he was notified of his "provisional" employment status and his employment contract was thereafter not renewed.[44]

Miller's allegations are sufficient to state the first, second, and fourth elements of a deprivation of his liberty interest, but not the third element.

**Miller has sufficiently alleged a statement impugning his good name, reputation, honor, or integrity; that the statement was false; and that the statement was published**

For a statement to impugn an employee's good name, reputation, honor, or integrity such that it violates an employee's liberty interest, the statement must "seriously damage [the employee's] standing and associations in [the] community."[45] When such potentially damaging statements are made, "notice and an opportunity to be heard are essential" to preserving the employee's liberty interest.[46] ICSD argues that Kemp's alleged statements are too vague to satisfy this element because the term "manipulative" can have positive and negative connotations.[47] However, under the Rule 12(b)(6) standard, the alleged statements and surrounding circumstances are viewed as true and reasonable inferences are drawn in a light most favorable to Miller.[48] Kemp's alleged statements that Miller is a master manipulator and that he had manipulated certain individuals into supporting him are sufficient to satisfy the element that Kemp's statements impugn Miller's good name, reputation, honor, or integrity.

---

[43] *Id.* ¶¶ 53-54 at 10-11, 85-87 at 17.

[44] *Id.* ¶¶ 55 at 11, 59 at 11-12, 88-89 at 17-18.

[45] *Roth,* 408 U.S. at 573.

[46] *Id.*

[47] Defendant's Reply in Support of Motion to Dismiss ("Reply") at 9-10, docket no. 18, filed Sept. 3, 2021.

[48] *GFF Corp.,* 130 F.3d at 1384.

ICSD next argues that Miller cannot establish that Kemp's alleged statements were false because Kemp was merely stating her opinion.[49] But again, the Rule 12(b)(6) standard of review is controlling. Applying this standard, Kemp's alleged statements are not limited to opinions and regardless, certain expressions of opinion contain an assertion of objective fact which may be false.[50] Miller alleges that Kemp told individuals that he had manipulated them.[51] Such a statement is capable of being a demonstrable false. And Miller contests the truth and accuracy of Kemp's statements.[52] Therefore, Miller alleges sufficient facts to satisfy the element that Kemp's statements about him are false.

ICSD also argues that Miller fails to allege facts demonstrating that Kemp's statements were published because the only individuals to whom Kemp made the alleged statements were employees of ICSD.[53] A published statement is a public statement that broadcasts the message to people outside the governmental entity in which the employee works.[54] Thus, to satisfy that a statement was published, a plaintiff must allege facts that suggest more than intra-government distribution or disbursement of the statement.[55]

Miller alleges that Kemp made statements to at least two secretaries and two assistant coaches, as well as ICSD Board members and other community members.[56] Kemp's statements to some of these individuals appear to be intra-governmental. But the allegation that Kemp made

---

[49] Motion to Dismiss at 1, 12.

[50] *Schwartz v. Am. College of Emergency Physicians*, 215 F.3d 1140, 1145 (10th Cir. 2000).

[51] Complaint ¶¶ 53-54 at 10-11, 85-87 at 17.

[52] *Id*. ¶ 85 at 17.

[53] Motion to Dismiss at 13-14; Reply at 11-12.

[54] *Alcorn v. La Barge, Wyoming*, 784 Fed. App'x 614, 619 (10th Cir. 2019).

[55] *Coleman*, 673 Fed. App'x at 829-30; *Asbill v. Housing Authority of Choctaw Nation*, 726 F.2d 1499, 1503 (10th Cir. 1984).

[56] Complaint ¶¶ 53-54 at 10-11, 85-87 at 17.

the statements to other community members leads to a reasonable inference that not all of Kemp's statements were intra-governmental dissemination or distribution. Miller does not identify specific community members to whom Kemp made the statements, but at this time, the allegations are sufficient to satisfy the element that Kemp's statements were published.

**Miller fails to allege sufficient facts that Kemp's statements occurred in the course of his termination and that those statements foreclosed other employment opportunities**

Despite having sufficient allegations to satisfy the first, second, and fourth elements of a deprivation of liberty interest, Miller must still allege facts to satisfy the third element that Kemp's statements occurred in the course of his termination and that those statements foreclosed other employment opportunities.[57] For statements to occur during the course of termination, "both the nature and the timing of the allegedly defamatory statement[s]" are relevant to the inquiry.[58]

Miller alleges that Kemp made the alleged statements sometime in November or December 2019, and that shortly thereafter, he was notified for the first time that he was a provisional employee.[59] Miller further alleges that he was then treated as a provisional employee and in March 2020, he was informed that his contract would not be renewed.[60] The timing and context of Kemp's alleged statement in relation to the treatment of Miller's employment status, and that Kemp allegedly made the statements to ICSD Board members whom made the determination not to renew Miller's contract, leads to a reasonable inference that Kemp's statement were made in the course of Miller's termination. However, this does not end the inquiry.

---

[57] *Workman*, 32 F.3d at 481.

[58] *Renaud v. Wyoming Dep't of Family Servs.*, 203 F.3d 723, 727 (10th Cir. 2000).

[59] Complaint ¶¶ 52-54 at 10-11.

[60] *Id.* ¶¶ 55-59 at 11-12

To satisfy the third element of a deprivation of liberty interest, Miller must also allege facts that the stigmatizing statements foreclosed other employment opportunities.[61] To do this, it is not enough for Miller to allege that he is an unlikely candidate for employment by a future employer.[62] He must allege facts that he has lost job opportunities because of the public impact of Kemp's statements.[63]

Miller fails to allege that he has sought any specific job opportunities or that he has not obtained or has lost job opportunities because of Kemp's statements. Rather, Miller offers only a single conclusory allegation that he has been "unable to find an equivalent [job]."[64] This does not suffice. Therefore, Miller fails to allege sufficient facts to satisfy the element that Kemp's statements occurred in the course of his termination and foreclosed other employment opportunities.

Because Miller fails to allege sufficient facts to satisfy each of the elements of a deprivation of his liberty interest, the Complaint fails to state a plausible claim under § 1983 for violation of liberty interest. ICSD's Motion to Dismiss is GRANTED as to this claim.

---

[61] *McDonald*, 769 F.3d at 1212; *Coleman*, 673 Fed. App'x at 830-31.

[62] *Coleman*, 673 Fed. App'x at 831.

[63] *Id*.

[64] Complaint ¶ 91 at 18.

# ORDER

IT IS HEREBY ORDERED that ICSD's Motion to Dismiss[65] is DENIED as to Miller's claim under § 1983 for violation of property interest[66] and his claim for breach of contract.[67] However, ICSD's Motion to Dismiss[68] is GRANTED as to Miller's claim under § 1983 for violation of liberty interest.[69] Miller's claim under § 1983 for violation of liberty interest[70] is DISMISSED without prejudice.

IT IS FURTHER ORDERED that ICSD must answer or otherwise respond to the surviving causes of action in Miller's Complaint within 14 days.

Signed September 22, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[65] Docket no. 11, filed July 8, 2021.

[66] Complaint ¶¶ 68-80 at 13-16.

[67] *Id*. ¶¶ 94-106 at 19-21.

[68] Docket no. 11, filed July 8, 2021.

[69] Complaint ¶¶ 81-93 at 16-18.

[70] *Id*.